Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001281
27-JAN-2015
09:17 AM

NO. CAAP-14-0001281

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RAN YASUMI, Plaintiff-Appellee, v.
YOSHIO YASUMI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 14-1-0322)


ORDER
GRANTING DECEMBER 8, 2014 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
STRIKING JANUARY 8, 2015 SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF DECEMBER 8, 2014 MOTION TO DISMISS
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Ran Yasumi's

(Appellee Ran Yasumi), December 8, 2014 motion to dismiss

appellate court case number CAAP-14-0001281 for lack of appellate

jurisdiction, (2) Appellee Ran Yasumi's January 8, 2015

supplemental memorandum in support of her December 8, 2014 motion

to dismiss, (3) the lack of any opposition by Defendant-Appellant

Yoshio Yasumi (Appellant Yoshio Yasumi) to Appellee Ran Yasumi's

December 8, 2014 motion to dismiss, and (4) the record, it appears that we lack appellate jurisdiction over Appellant Yoshio Yasumi's appeal from the Honorable Sherri-Ann L. Iha's

- October 9, 2014 interlocutory order denying Appellant Yoshio Yasumi's motion to dismiss Appellee Ran Yasumi's complaint for divorce, and

- December 11, 2014 interlocutory order denying three related motions by Appellant Yoshio Yasumi.

Neither of the two appealed interlocutory orders qualifies as an independently appealable final order or decree pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), which provides that "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" (Emphasis added). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2014). This divorce case would be appealable only if the family court would enter a final judgment, order or decree that, at a minimum, dissolves the marriage of Appellant Yoshio Yasumi and Appellee Ran Yasumi.

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. [493], 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3),

> and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted); see also Riethbrock v. Lange, 128 Hawai'i 1, 18, 282 P.3d 543, 560 (2012) (citing and quoting Eaton v. Eaton); Kakinami v. Kakinami, 125 Hawai'i 308, 312-13, 260 P.3d 1126, 1130-31 (2011) (citing and quoting Eaton v. Eaton). Neither of the two appealed interlocutory orders is independently appealable under HRS § 571-54 and the holding in Eaton v. Eaton because the family court has not yet dissolved the marriage between Appellant Yoshio Yasumi and Appellee Ran Yasumi.

Although exceptions to the finality requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), neither of the two appealed interlocutory orders satisfies the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an independently appealable final judgment, order or decree, we lack appellate jurisdiction over this appeal, and Appellant Yoshio Yasumi's appeal from the two interlocutory orders is premature.

It further appears, however, that Appellee Ran Yasumi did not obtain this court's permission to file her January 8, 2015 supplemental memorandum in support of her December 8, 2014 motion to dismiss, despite that Rule 27 of the Hawai'i Rules of Appellate Procedure (HRAP) does not authorize a movant to file two memoranda in support of a motion. Therefore,

IT IS HEREBY ORDERED that Appellee Ran Yasumi's December 8, 2014 motion to dismiss is granted, and this case is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that Appellee Ran Yasumi's January 8, 2015 supplemental memorandum in support of Appellee Ran Yasumi's December 8, 2014 motion to dismiss appellate court case number CAAP-14-0001281 is stricken from the record, and we do not consider Appellee Ran Yasumi's January 8, 2015 supplemental memorandum in making our decision to dismiss this appeal, because HRAP Rule 27 does not authorize a movant to file such a supplemental memorandum and Appellee Ran Yasumi failed to obtain leave from the court to file a Supplemental Memorandum.

DATED: Honolulu, Hawai'i, January 27, 2015.

Presiding Judge

Associate Judge

Associate Judge